UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Hans Timothy Langford, <br> Plaintiff, | CASE NO.: 9:17-cv-1477-RMG |
| v. | **COMPLAINT** <br> **(Jury Trial Demanded)** |
| GCA Education Services, Inc. d/b/a GCA Services Group Inc. <br> Defendants, | |

The Plaintiff complaining of the Defendant alleges as follows:

1.     Plaintiff Hans Timothy Langford is a citizen and resident of Beaufort, South Carolina.

2.     Defendant GCA Education Services, Inc. d/b/a GCA Services Group Inc., upon information and belief, a Tennessee corporation operating under the laws of the State of South Carolina and does business in Beaufort County and surrounding areas.

3.     That on or about August 5, 2013, the Plaintiff and the Defendants entered into an employment relationship whereby the Defendants employed the Plaintiff as an electrician, to begin work at that time for an indefinite term.

4.     Plaintiff was offered $25.00 per hour, and agreed to accept. Plaintiff received salary increases and was making $28.00 at the time of the incident.

5.     The Plaintiff would work overtime on a regular basis.

6.     Despite repeated requests to Defendant District Manager, Miles Weekly, the Plaintiff was not paid for overtime hours worked.

7.     Plaintiff would submit his work order to Mr. Weekly, but Mr. Weekly would not submit the work order to pay Plaintiff. When Mr. Weekly would submit Plaintiff's work order to the school, the school would reimburse Defendant Company, and Defendant Company would pocket the reimbursement instead of paying Plaintiff.

8.     Plaintiff, having formerly owned an HVAC company, became aware they were large amounts of illegal refrigerants being emitted by the HVAC units.

9.     Plaintiff repeatedly requested Mr. Weekly purchase the appropriate refrigerant reclamation equipment in order to prevent violating the 40 C.F.R. §82.156 (2017).

10.    Mr. Weekly refused to purchase the necessary equipment causing toxic refrigerant gases to be expelled into the air in violation of the Clean Air Act 42 U.S.C. §7401 et seq. (1970).

11.     When Plaintiff indicated the discharge need to be reported and shut off, he was told not to report and keep them running.

12.     Based on the raising of the issues of violations of criminal laws and guidelines, as well as requesting his earned wages, Plaintiff was terminated from his employment on or about June 2, 2016.

## FOR A FIRST CAUSE OF ACTION
## Violation of South Carolina Payment of Wages Act

13.     The Plaintiff realleges and reiterates the preceding paragraphs as if fully set forth herein verbatim.

14.     The Defendant wrongfully withheld the Plaintiff's wages and the Defendants should be required to pay the Plaintiff for all wages owed to him, plus interest.

15.     The Plaintiff is entitled to an award of damages against the Defendant in an amount to be determined by the trier of fact, also because the damages relate to wages owed to him, the Plaintiff is entitled to treble damages pursuant to the South Carolina Payment of Wages Act, South Carolina Code of Laws Sec. 41-10-80, 1976, as amended, plus attorney fees and costs.

## FOR A SECOND CAUSE OF ACTION
## Violation Of Fair Labor Standards Act

16.     The Plaintiff repeats and reiterates the foregoing allegations as though repeated herein verbatim.

17.     The Plaintiff was working for the Defendant and accrued overtime pay.  The Defendant has failed and continues to fail to pay the wages owed to the Plaintiff in violation of the Fair Labor Standards Act of 1938 (FLSA).

18.     The Plaintiff is informed and believes that the Defendant was unjustly enriched in maintaining wages which rightfully belong to the Plaintiff pursuant to the FLSA.

19.     As a direct and proximate result of the acts, omissions, and practices of the Defendant, the Plaintiff sustained a loss of income and wages.

20.     The Plaintiff was also terminated in retaliation for complaining about not getting paid his wages, in violation of the anti-retaliation provisions in the Fair Labor Standards Act.

21.     As a direct and proximate result of the acts and practices of the Defendant, the Plaintiff is informed and believes he is entitled to an award of damages, liquidated damages, treble damages, prejudgment interest, costs, legal fees, and any other damages to which he may be entitled as determined by the trier of fact.

## FOR A THIRD CAUSE OF ACTION
### Conversion

22.   The Plaintiff realleges and incorporates by reference the allegations contained hereinabove as if fully set forth herein.

23.   The Defendant committed conversion against the Plaintiff in the following particulars to wit:

(a) In wrongfully withholding the Plaintiff's money from his possession;

(b) In withholding the Plaintiff's money with the intent to permanently deprive and defraud the Plaintiff of the use and benefit of the money; and

(c) In withholding the Plaintiff's property with the intent to permanently appropriate the property for the use of the Defendant or any other person other than the Plaintiff.

24.   The Defendant also committed conversion against the Plaintiff by not surrendering the money upon his request for wages owed to him.

25.   The Defendant converted said funds to their own use.

26.   The Defendant's actions were without right or justification and constituted the conversion of the Plaintiff's property.

27.   The Defendant acted maliciously and in bad faith in that they knowingly converted the Plaintiff's funds when in the exercise of reasonable care they should have known their actions were wrongful.

28.   That as a direct and proximate result the Plaintiff has suffered a loss of income and has been otherwise injured and damaged in such amount as a judge and jury may determine.

## FOR A FOURTH CAUSE OF ACTION
### Unjust Enrichment

29.   The Plaintiff realleges and reiterates the preceding paragraphs as if fully set forth herein verbatim.

30.   Based upon the agreement between the Plaintiff and the Defendant, the Plaintiff performed services for the Defendant in exchange for a sum of wages, plus benefits pursuant to the agreement.  The Defendant has failed and continues to fail to pay the monies owed to the Plaintiff as agreed.

31.   The Defendant was unjustly enriched in maintaining wages which rightfully belong to the Plaintiff.

32. As a result of the Defendant's unjust enrichment, the Plaintiff is entitled to an award of damages against the Defendant in an amount to be determined by the trier of fact.

33. That as a direct and proximate result of said conduct on the part of the Defendant, its agents and servants, the Plaintiff has been damaged as aforesaid, both actual and punitive, in such amount as a judge and jury may award.

### FOR A FIFTH CAUSE OF ACTION
### Wrongful Discharge In Violation Of Public Policy

34. Plaintiff repeats and reiterates the foregoing allegations as though repeated herein verbatim.

35. That the unjust wrongful discharge and termination of Plaintiff's employment with the Defendant was the response of the Defendant, it's agents and servants, to Plaintiff's refusal to allow improper and illegal practice of the business due to Defendant's instructions to allow the HVAC machines to continue illegally emitting refrigerants in violation of the laws and guidelines.

36. That the aforesaid conduct of the Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature.

37. That the aforesaid discharge of Plaintiff's employment by the Defendant, its agent and servants, constitutes a violation of a clear mandate of public policy of the State of South Carolina.

38. That as a direct and proximate result of the aforesaid conduct of the Defendant, it's agents and servants, Plaintiff has been damaged as aforesaid, both actual and punitive damages, in such amount as a judge and jury may award.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorneys fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits he would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendant in such an amount for punitives, pain and suffering, embarrassment, humiliation, shock and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

Respectfully submitted,

**WIGGER LAW FIRM, INC.**

s/*Jarrel L. Wigger*
Jarrel L. Wigger (Fed. Id 6345)
8086 Rivers Avenue, Ste A
North Charleston, SC  29406
(843) 553-9800
Attorney for Plaintiff

North Charleston, South Carolina
June 6, 2017